UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| THEODORE JAMES SAUVE, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:07-cv-794 |
| ) | |
| v. ) | Honorable Paul L. Maloney |
| ) | |
| DENNIS STRAUB et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Dennis Straub, Shirlee Harry and Delores Crosby. The Court will serve the complaint against Defendants Terry Bradford, G. Smithson, T. Hall and Mark Merryman.

**Discussion**

I.    Factual allegations

Plaintiff Theodore James Sauve presently is incarcerated with the Michigan Department of Corrections ("MDOC") and housed at the Muskegon Correctional Facility ("MCF"). He sues Dennis Straub, Deputy Director of the MDOC, together with the following MCF employees: Warden Shirlee Harry, Administrative Assistant Delores Crosby, Deputy Warden Terry Bradford, Captains T. Hall and G. Smithson, and Lieutenant Mark Merryman.

According to the allegations of the complaint, Plaintiff has a medical condition that causes severe facial swelling and pain. The condition requires Plaintiff to put ice on his face every few hours and to wear a Jobst Compression Mask. Plaintiff alleges that prison medical providers have issued a special accommodation for the mask and a permanent ice detail directing that Plaintiff be provided ice every two to four hours. Plaintiff alleges, however, that Defendants repeatedly have refused to honor the ice accommodation, causing Plaintiff unnecessary pain and swelling and resulting in emergency medical treatment.

The chronology of Plaintiff's allegations is not entirely clear. Plaintiff alleges that, on October 11, 2006, Defendant Smithson refused to give Plaintiff ice, even after he was informed that the medical accommodation remained valid. On October 12, 2006, Smithson was informed by Resident Unit Officer K. Moore that Plaintiff was requesting ice and had a newly issued medical accommodation. Smithson again informed Moore that the medical accommodation would not be honored.

On October 12, Resident Unit Officer L. Calhoun advised Defendant Hall that Plaintiff's face was swollen badly and was purple, and she requested that medical treatment be

ordered for Plaintiff. Hall refused. Calhoun subsequently called Health Services herself, and Plaintiff was seen by prison medical staff, who called the Dwayne Waters Hospital. The doctor on duty authorized another medical accommodation for ice. Defendant Hall still refused to honor the accommodation.

Plaintiff also alleges that, on an unspecified date, Defendant Bradford entered into an agreement with Defendant Merryman and sent an e-mail to correctional staff telling them not to give Plaintiff the prescribed ice. Plaintiff received a copy of the e-mail on October 12, 2006, shortly after he filed a complaint against Merryman for not issuing Plaintiff ice, which had resulted in Plaintiff being transported to the local emergency room.

Plaintiff alleges that Deputy MDOC Director Straub, Warden Harry and Administrative Assistant Delores Crosby were made aware that Plaintiff was not receiving the ice as prescribed, but they failed to ensure that his medical needs were met. Deputy Director Straub allegedly was informed by correctional staff of the inadequate treatment, but took no action. Warden Harry allegedly failed to hold her staff accountable and refused to investigate the matter during the grievance process. Administrative Assistant Crosby, in turn, allegedly had knowledge that Plaintiff was not receiving the prescribed medical treatment, but she failed to speak with unit staff who denied treatment or hold staff accountable.

For relief, Plaintiff seeks declaratory and injunctive relief, together with compensatory and punitive damages.

II.     Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the

allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff fails to make sufficiently specific factual allegations against Deputy Director Straub, Warden Harry and Administrative Assistant Crosby to state a constitutional violation. Plaintiff implies that each of these Defendants failed to conduct an investigation in response to his grievances or failed to appreciate and address problems of which they should have become aware in their supervisory review of prison logs.

A claimed constitutional violation must be based upon active unconstitutional behavior. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Id.*; *Summer v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Plaintiff has failed to demonstrate that Defendants Straub, Harry or Crosby engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendants Straub, Harry and Crosby will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Bradford, Smithson, Hall and Merryman.

An Order consistent with this Opinion will be entered.


Dated:     October 31, 2007              /s/ Paul L. Maloney
                                         Paul L. Maloney
                                         United States District Judge