UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THEODORE SAUVE,

        Plaintiff,                                    Hon. Paul L. Maloney

v.                                                  Case No. 1:07 CV 794

DENNIS STRAUB, et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendants' Motion for Summary Judgment. (Dkt. #22). Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court recommends that Defendants' motion be **granted**.

**BACKGROUND**

Plaintiff is incarcerated by the Michigan Department of Corrections (MDOC) and is presently housed at the Saginaw Correctional Facility. The events giving rise to the present action occurred while Plaintiff was housed at the Muskegon Correctional Facility (MCF). Plaintiff has initiated this action against Dennis Straub, Deputy Director of the MDOC, as well as the following MCF employees: Warden Shirlee Harry, Administrative Assistant Delores Crosby, Deputy Warden Terry Bradford, Captain Barry Hall, Captain Gregory Smithson, and Lieutenant Mark Merryman.

The following allegations are contained in Plaintiff's complaint. Plaintiff suffers from a medical condition that causes him to experience severe pain and facial swelling. To treat this

condition, Plaintiff must apply ice to his face "every few hours" as well as wear a Jobst compression mask. Prison officials issued Plaintiff a "permanent ice detail" pursuant to which Plaintiff was to receive ice "every two to four hours." Defendants nonetheless refused Plaintiff's request for ice on October 11, 2006, and October 12, 2006.

Specifically, Plaintiff alleges that on October 11, 2006, Defendant Smithson refused his request for ice, despite being informed by Plaintiff that his "permanent ice detail" remained in effect. That same day, Defendant Merryman informed "unit staff" that Plaintiff's "special accommodation" for ice had been cancelled. Defendant Smithson informed Defendant Merryman that Plaintiff's ice detail was "still valid." Nonetheless, Plaintiff did not receive any ice that evening. Plaintiff later obtained a copy of an e-mail in which Defendants Merryman and Bradford agreed "not to give Plaintiff ice by his Medical Accommodation." Defendant Bradford also instructed "correctional staff," via e-mail, "not to give Plaintiff the prescribed ice."

On October 12, 2006, Resident Unit Officer K. Moore informed Defendant Smithson that Plaintiff was to receive ice as permitted by his medical detail. Defendant Smithson again refused to honor Plaintiff's request for ice. On October 12, 2006, Resident Unit Officer L. Calhoun requested that Defendant Hall secure medical treatment for Plaintiff because his face was purple and swollen. Defendant Hall refused this request, after which Calhoun contacted Health Services herself. Plaintiff was subsequently examined by medical staff and provided another medical detail for ice. Defendant Hall refused to honor Plaintiff's medical detail.

On August 15, 2007, Plaintiff initiated the present action, in which he asserts that Defendants were deliberately indifferent to his serious medical needs. On October 31, 2007, the Honorable Paul L. Maloney issued an Opinion and Order dismissing Plaintiff's claims against

Defendants Straub, Harry, and Crosby for failure to state a claim. (Dkt. #11). Plaintiff's complaint was subsequently served on Defendants Bradford, Smithson, Hall, and Merryman. On February 19, 2008, Defendants Smithson, Hall, and Merryman submitted the present motion for summary judgment. Plaintiff has failed to respond to Defendants' motion or otherwise submit to the Court any evidence in support of his claims.

## **STANDARD**

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party has met its burden of production, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the nonmoving

party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

**ANALYSIS**

The Eighth Amendment's prohibition against cruel and unusual punishment applies not only to punishment imposed by the state, but also to deprivations which occur during imprisonment and are not part of the sentence imposed. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 101-02 (1976). Accordingly, the Eighth Amendment protects against the

unnecessary and wanton infliction of pain, the existence of which is evidenced by the "deliberate indifference" to an inmate's "serious medical needs." *Estelle*, 429 U.S. at 104-06; *Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001).

The analysis by which Defendant's conduct is evaluated consists of two-steps. First, the Court must determine, objectively, whether the alleged deprivation was sufficiently serious. In this respect, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. If the objective test is met, the Court must then determine whether the officials possessed a sufficiently culpable state of mind:

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837.

In other words, Plaintiff must establish that Defendant "actually knew" that he "faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it." *Howard v. Calhoun County*, 148 F.Supp.2d 883, 888-89 (W.D. Mich. 2001) (citing *Farmer*, 511 U.S. at 847).

In support of their motion for summary judgment, Defendants Smithson, Hall, and Merryman have each submitted affidavits. Defendants assert that on October 11, 2006, Health Service Supervisor Mike Whalen informed them that Plaintiff "had no special accommodation or medical need for ice." (Dkt. #25, Exhibits A-C). In light of this information, Defendant Bradford instructed Defendants not to provide Plaintiff with ice because he "did not have a medical detail or accommodation for ice, and he should not be treated differently than other prisoners." (Dkt. #25, Exhibits A-C). Later

that day, Plaintiff's request for ice was refused by Defendant Merryman, who instructed Plaintiff "that he would have to get with Health Services and work things out." (Dkt. #25, Exhibit A). Prison staff, however, were instructed "to call Health Services and inform them about prisoner Sauve's condition, as necessary." (Dkt. #25, Exhibit B). Health Services subsequently issued Plaintiff a temporary medical detail to receive ice. (Dkt. #25, Exhibits A and C). Defendants Merryman and Smithson received evidence of Plaintiff's medical detail on October 13, 2006, at which point Plaintiff was immediately supplied with ice. (Dkt. #25, Exhibits A and C).

As previously noted, Plaintiff has failed to respond to Defendants' motion for summary judgment or otherwise submit evidence in support of his claims. Plaintiff likewise failed to submit with his complaint any evidence supporting his claims. Thus, in response to Defendants' motion for summary judgment Plaintiff has chosen to rely on the unsupported allegations in his complaint. Such cannot withstand Defendants' properly supported motion.

Plaintiff has failed to submit any evidence supporting his allegation that on the dates in question he experienced a medical need for ice. On the other hand, Defendants have submitted evidence that on the dates in question Plaintiff "had no special accommodation or medical need for ice," as determined by Health Service Supervisor Mike Whalen. Plaintiff has submitted no evidence refuting such. Thus, Plaintiff cannot establish that on the dates in question his alleged need for ice was such that failure to provide it subjected him to "a substantial risk of serious harm." Accordingly, Defendants Smithson, Hall, and Merryman are entitled to summary judgment.

## CONCLUSION

For the reasons articulated herein, the Court recommends that <u>Defendants' Motion for Summary Judgment</u>, (dkt. #22), be **granted**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date:  June 13, 2008                          /s/ Ellen S. Carmody
                                              ELLEN S. CARMODY
                                              United States Magistrate Judge